UNITED STATES of America,
Plaintiff—Appellee,

v.

Rachel Alaffa JERNIGAN,
Defendant—Appellant.

No. 01–10408.
D.C. No. CR–00–01010–EHC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2002.

Decided Aug. 2, 2002.

Before GOODWIN, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM *

Rachel Alaffa Jernigan appeals her conviction for armed bank robbery, alleging a number of trial errors and challenging the sufficiency of the evidence that a real weapon was used in the bank robbery. We affirm.

■ The district court did not abuse its discretion by excluding the expert testimony of Dr. Loftus. The district court found that Dr. Loftus' testimony regarding the weaknesses of eyewitness identification would not be helpful to the jury, and it issued Ninth Circuit Model Jury Instruction § 4.14, which we have approved in the past. *United States v. Rincon*, 28 F.3d 921, 925–26 (9th Cir.1994). While such an instruction will not immunize all decisions to exclude the information Dr. Loftus would have presented, the court here invited the parties to submit a more comprehensive instruction, but Jernigan never did so.

■ The district court also properly excluded the expert testimony regarding Jernigan's polygraph examination. Excluding such evidence does not violate Jernigan's Sixth Amendment right to present a defense, *United States v. Scheffer*, 523 U.S. 303, 312, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (plurality), and the district court did not abuse its discretion in rejecting the evidence under Federal Rule of Evidence 403. *See United States v. Benavidez-Benavidez*, 217 F.3d 720, 724–25 (9th Cir. 2000), *cert. denied*, 531 U.S. 903, 121 S.Ct. 242, 148 L.Ed.2d 174 (2000).

■ Further, the district court did not err in denying Jernigan's motion for a new trial based on the prosecutor's arguments in rebuttal. The prosecutor's statements that Jernigan never "established" or "showed" facts related to the eyewitness testimony did not impermissibly shift the burden of proof to Jernigan; rather, they were appropriate responses to defense

---

counsel's closing argument. *See United States v. Sayetsitty*, 107 F.3d 1405, 1409–10 (9th Cir.1997). The prosecutor's characterization of Elizabeth Chlupsa's testimony was also a proper response to defense counsel's argument, and it did not constitute vouching. *See United States v. Necoechea*, 986 F.2d 1273, 1276–80 (9th Cir.1993).

█ Finally, sufficient evidence supported the finding that a gun was used in the bank robbery. Chlupsa testified that she saw a gun, and she explained the reasons why she believed that the gun was real. Viewing the facts in the light most favorable to the government, a rational trier of fact could have concluded beyond a reasonable doubt that Jernigan used a gun in the bank robbery. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.